IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JAMES W. BERRY, SR.,

    Petitioner,

V.                               CIVIL ACTION NO. 3:07-00030

DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,[1]

    Respondent.

**FINDINGS AND RECOMMENDATION**

James W. Berry, Sr., a state prisoner serving, among others, a life sentence imposed by a judge of the Circuit Court of Wayne County, has filed a "Writ" and "Amended Writ of Prohibition," in which he contends that his conviction and sentence are illegal, constituted "an illegal seizure of his body ... without lawful authority in violation of the Fourth and Fifth United States Amendments," "violated due process and double jeopardy" and were secured by "solicited perjuries." As a consequence of these alleged infirmities, and many more, he asserts that he "has a clear right to his immediate release from an illegal incarceration... ." Berry also states that the "Writ of Prohibition is (not) intended as a Writ of Habeas Corpus... ." The difficulty with this latter contention, however, arises from the fact, pointed out by the Court in Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000), that, when a "person ... in custody pursuant to the judgment of a state court"

---

[1] Petitioner named Thomas McBride, the former warden, as respondent; however, the style has been amended to reflect the correct party-respondent.

seeks relief "in the district court, §2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case," and, "[r]oughly speaking, this makes §2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody... ."

Among §2254's "associated statutory requirements" is that of 28 U.S.C. §2244(b)(3)(A), which requires a state prisoner bringing a successive habeas petition to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." In 2001 Berry filed a habeas petition under the provisions of §2254 attacking the conviction he now says was obtained "in violation of the Fourth and Fifth United States Amendments."[2] His appeal from this Court's denial of relief was dismissed by the Court of Appeals for the Fourth Circuit and a petition for <u>writ of certiorari</u> was denied initially and on petition for rehearing by the Supreme Court. There is, however, no indication that Berry has sought an order authorizing this Court to consider his "writ," and it seems apparent that he has not.

In the absence of authorization from the Court of Appeals for the Fourth Circuit, this Court may not consider the merits of Berry's claims[3] and must dismiss the "writ."[4]

---

[2] Civil Action No 3:01-0873.

[3] The Court does not reach the question of timeliness under §2244(d) which would obviously be an issue in this case.

[4] Inasmuch as it plainly appears from the documents filed by petitioner that he is not entitled to relief in the district court, dismissal without requiring a response from the respondent is appropriate in this case. Rule 4, Rules Governing §2254 Cases in the United States District Courts.

## **RECOMMENDATION**

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that James W. Berry, Sr.'s application to proceed in forma pauperis be granted, that his petition for writ of prohibition, treated as a petition for writ of habeas corpus, be denied and this action dismissed.

Petitioner and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2254 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to petitioner, respondent, and the Office of the Attorney General of West Virginia.

DATED: December 5, 2008

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE